IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**VIRGIL TALLEY,**
    Petitioner,

vs.                                      Case No. 5:05cv170/LAC/MD

**J. BARRON, JR., WARDEN,**
    Respondent.
_____

### REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 5). The filing fee has been paid. (Doc. 1). From a review of the record and the arguments presented, it is the opinion of the undersigned that petitioner has not demonstrated entitlement to proceed under § 2241 and that the petition should be dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

In December of 1998 a jury convicted petitioner of conspiracy to possess cocaine and cocaine base with the intent to distribute, 21 U.S.C. §§ 841(a),(b)(1)(A)(ii)(iii) and 846 ("Count One"); possession of cocaine base with intent to distribute, 21 U.S.C. § 841(a),(b)(1)(A)(iii) ("Count Two"); and using or carrying a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c) ("Count Five"). (*See United States v. Tally*, Case No. 3:96cr65/LAC/MD, docs. 292, 294). On February 26, 1999 the district court sentenced petitioner to terms of imprisonment of 235 months under each of Counts One and Two, with the terms to be served concurrently; a term of imprisonment of 60 months under Count Five, to be served consecutively to the terms under Counts One and Two; a fine; a term of supervised release; and a special monetary assessment. (*Id.*, doc. 307; *see also* doc. 314,

Transcript of Sentencing).  Petitioner appealed, challenging the sufficiency of the evidence, error in calculating the quantity of drugs attributable to him, and error in refusing to award a sentence reduction.  In an unpublished decision, issued as mandate April 6, 2000, the Eleventh Circuit affirmed petitioner's convictions and sentences.  *United States v. Talley*, Case No. 99-2455 (11th Cir. March 2, 2000).

Thereafter, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, in which he asserted three claims: (1) that the district court lacked jurisdiction because his prosecution in federal court "violated the Tenth Amendment. . . ."; (2) that he was entitled to relief under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (3) that his trial and appellate counsel failed to investigate adequately whether jurisdiction for federal prosecution lay and failed to raise the *Apprendi* issue, thus denying him effective assistance of counsel.  (*See* Case No. 3:96cr65, doc. 418).  In a "motion to amend," petitioner also complained that the court erred in instructing the jury and that counsel's failure to object competently constituted ineffective assistance.  (*Id.*, doc. 416).  The district court denied the motions on May 17, 2002.  (*Id.*, docs. 489 & 490).  Petitioner's motion for a certificate of appealability was denied.  *Tally v. United States*, Case No. 02-13872 (11th Cir. Sept. 11, 2002) (copy at Case No. 3:96cr65, doc. 514).

Petitioner filed various other motions, including a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b).  (*Id.*, doc. 517).  The district court denied relief.  (*Id.*, doc. 520).  Petitioner's motion for certificate of appealability was denied. *Tally v. United States*, Case No. 03-10776 (11th Cir. May 12, 2004) (copy at Case No. 3:96cr65, doc. 546).

In the instant § 2241 petition, petitioner challenges the validity of his conviction and sentence.[1]  As relief, he seeks the issuance of a writ of habeas

---

[1] The petition form directs petitioner to identify what his petition concerns, *e.g.*, a conviction, a sentence, a prison disciplinary action, parole, immigration/removal or "other."  Petitioner checked the box marked "other," and directed the court to review his original petition. (Doc. 5, p. 2). In his original petition, petitioner argued that he was being falsely imprisoned, and that his liberty and enjoyment of life and property were being unlawfully restrained by his continued incarceration. (Doc. 1).  As grounds for relief, petitioner complained that his offer to settle the criminal "claims" against him in exchange for his release from prison were ignored.  Petitioner also attacked the sufficiency of the evidence used to convict him as well as the court's jurisdiction. (*See* Doc. 1, pp. 19-24).

corpus directing the release of his person and property, and requiring respondent "to cease and desist in all actions, decrees, order, judgments and proceedings that retain the Petitioner's person/body and property . . ." (Doc. 5, *see also* Doc. 1, pp. 3-6).  In the section of the petition form where petitioner is directed to explain why the remedy under 28 U.S.C. § 2255 was or is inadequate or ineffective, petitioner refers the court to the order denying his § 2255 motion.  (Doc. 5, p. 3).

## DISCUSSION

Generally, the continuation of an initially valid confinement is the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted under § 2255.  *See, e.g., United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S.Ct. 1629, 113 L.Ed.2d 725 (1991); *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990).  A petition for a writ of habeas corpus pursuant to § 2241 is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  A petition under § 2241 attacking custody resulting from a federally imposed sentence may be entertained only where the petitioner establishes that the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999).  Section 2255 provides in pertinent part:

> **An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief,** *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).  The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely

foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford* at 1244.

In the instant case, petitioner is using this § 2241 proceeding to challenge his conviction and sentence.  When a prisoner has filed a previous § 2255 motion to vacate, he must apply for and receive permission from the appropriate court of appeals before filing a second or successive § 2255 motion.  28 U.S.C. §§ 2244(b)(3), 2255; *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996).  The restrictions on second or successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (holding that a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the limitation on successive § 2255 motions by simply filing a petition under § 2241).  It is well established that the §2255 remedy is not rendered inadequate or ineffective under the statute merely because § 2255 relief has already been denied, *see Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999); *In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), or because petitioner may be unable to meet the prerequisites for filing a second or successive § 2255 motion, *see Wofford v. Scott*, 177 F.3d at 1245; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2000); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, petitioner has made no showing that any of his claims meet the three-prong test in *Wofford*.

As petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claims by § 2241.  To allow him to pursue his claims in this forum styled as a petition pursuant to § 2241 would render meaningless the AEDPA's requirement that leave to file a second or successive § 2255 motion must be obtained from the appellate court of appropriate jurisdiction prior to filing, and Congressional attempts to curtail unnecessary second or successive filings.  *See, e.g., Davenport*, 147 F.3d at 608.

**Accordingly, it is respectfully RECOMMENDED:**

**1.   That petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2241(doc. 5) be DISMISSED with prejudice as petitioner has not demonstrated entitlement to proceed under that section, and that treated as a § 2255 motion the petition be summarily dismissed as an unauthorized second or successive motion.**

**2.   That any pending motions be DENIED as moot.**

**At Pensacola, Florida, this 14th day of November, 2005.**

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**